Dennis Luther LEWIS, Appellant,

v.

STATE of Indiana, Appellee.

No. 1184S429.

Supreme Court of Indiana.

Oct. 2, 1985.

·Rehearing Denied Dec. 5, 1985.

Steven C. Smith, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

This is an appeal from the denial of post-conviction relief.

The facts are: Appellant was convicted by a jury in the Madison Superior Court, Division III, Special Judge Douglas R. Long presiding. He was convicted of Rape, a Class A felony, and Confinement, a Class B felony. He was sentenced for a period of twenty (20) years on Count I and for a period of six (6) years on Count II. This Court affirmed the conviction on appeal. *Lewis v. State* (1982), Ind., 440 N.E.2d 1125.

Judge Long heard the evidence presented at the post-conviction relief hearing, following which he modified appellant's sentences from twenty (20) years to ten (10) years on the count of Rape, and from six (6) years to two (2) years on the crime of Confinement. However, Judge Long did not enter special findings of fact and conclusions of law as required by the post-conviction remedy rule. Ind.R.P.C. 1, § 6. Without making any further rulings, Judge Long disqualified himself and the matter was certified to the Supreme Court for the appointment of another judge. This Court appointed the Honorable Thomas G. Wright as special judge.

Both the State and appellant had filed motions to correct error concerning Judge Long's modification of the sentences. Judge Wright proceeded to review the case and to grant both the State's motion to correct error and the appellant's motion to correct error as to Judge Long's modification. The evidence taken at the post-conviction relief hearing consisted of the testimony of several friends and relatives of the appellant who testified that he had a habit of carrying a knife and playing with it as he talked, including cleaning his fingernails, and that he did so in a non-threatening manner. There was also evidence that both the appellant and the prosecuting witness had taken polygraph tests and that, in

the opinion of the police officer who administered the test to the appellant and who examined the charts of the test given to the prosecuting witness, the appellant was telling the truth and the prosecuting witness was not, so far as the use of a knife to threaten her in the perpetration of the rape was concerned.

After stating these facts in a proper findings of fact, Judge Wright entered his conclusions of law that the facts were with the State of Indiana and against the appellant, that evidence of appellant's habit of using a knife was not newly discovered evidence and was available at the time of the trial and that the original sentences for Rape, as a Class A felony, and Confinement, as a Class B felony, were proper sentences. The court found that all testimony and opinions regarding the polygraphs and polygrams of the appellant and of the victim were improper evidence and therefore should be stricken.

■ Appellant claims Judge Wright erred in reversing Judge Long's modification of the original sentences. It is his claim that since Judge Long heard the evidence he should have been the one to render judgment thereon and that he did so when he modified the judgments. He claims Judge Wright had no jurisdiction to override Judge Long's decision. Judge Long did not enter special findings of fact and conclusions of law as required by Ind. R.P.C. 1, § 6. Therefore, under Ind.R. Tr.P. 63(A), Judge Wright came into the case as the second special judge with a record of a completed hearing in a post-conviction relief matter and an incomplete attempt to grant relief by his predecessor judge. It was therefore Judge Wright's duty to perform any of the duties that would have devolved upon Judge Long had he remained in the case. We therefore hold that Judge Wright's conduct of the case following his appointment by this Court was procedurally correct.

■ We now turn to the merits of the decision rendered by Judge Wright so far as the various witnesses called by appellant in his post-conviction hearing concerning

his habit of carrying a knife and playing with it as he talked to others. These facts were, of course, as pointed out by Judge Wright, available to the appellant during his original trial. In addition we can hardly imagine how such testimony would be pertinent to the question of whether or not the appellant threatened the victim with a knife during the course of the rape. It is highly unlikely that such evidence would have any impact in a new trial of appellant on the original charges.

■ So far as the possible use of the polygraph examinations of the appellant and the victim, it is well-settled that in the absence of a valid stipulation of waiver between the parties, results of a polygraph examination are inadmissible. *Alexander v. State* (1983), Ind., 449 N.E.2d 1068. There is absolutely no evidence or claim in this case that there was an agreement between the prosecutor and the appellant concerning the use of polygraph evidence. In fact, the prosecutor objected to such evidence coming into the post-conviction hearing and specifically denied such an agreement existed. Judge Wright was correct when he ruled that the polygraph evidence should not be considered in the case.

■ A motion for a new trial, predicated upon a claim of newly discovered evidence, is viewed with disfavor. A denial of the motion will be reversed only if the court abuses its discretion in determining that a different result would not have been possible upon retrial. *Harden v. State* (1982), Ind., 441 N.E.2d 215, *cert. denied* (1983), 459 U.S. 1149, 103 S.Ct. 794, 74 L.Ed.2d 998; *Carter v. State* (1982), Ind., 438 N.E.2d 738. We find that Judge Wright did not abuse his discretion in this case but rendered a decision soundly based in the facts presented and in the law applicable thereto.

The trial court is in all things affirmed.

All Justices concur.