**Donald SHANNON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 3–885–A–209.**

Court of Appeals of Indiana, Third District.

March 11, 1986.

Barrie C. Tremper, Chief Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Presiding Judge.

After a bench trial, Donald Shannon was convicted of Child Molesting, a Class C Felony.[1] Shannon raises one issue on appeal, restated as follows:

> Was the trial court correct in limiting Shannon's cross-examination of a State's witness regarding the witness's possible drug use, when the drug use had never been reduced to a conviction?

Affirmed.

The evidence favorable to the State is as follows. In July, 1983, the victim was a twelve year old boy who lived in a mobile home park in Fort Wayne, Indiana. Donald Shannon was twenty-nine years old and lived in the same mobile home park. On July 27, the victim was riding his bicycle at or near the mobile home park when he was approached by Shannon, who was also riding a bicycle. Shannon invited the victim to join him at a relatively secluded area near the park. After they arrived at the secluded area, Shannon placed his mouth on the victim's penis. Four or five minutes later while Shannon still had his mouth on

the victim's penis, a witness, thirteen year old M.S., rode up on his bicycle. M.S. saw Shannon and the victim lying down with Shannon's head at the victim's crotch. M.S. said "Hi (used victim's name)" and rode away.

At trial, Shannon cross-examined M.S. During the cross-examination Shannon attempted to impeach M.S. by eliciting information regarding M.S.'s possible drug use.[2] The State objected, arguing that a witness cannot be impeached by proof of particular extraneous acts of misconduct which are not reduced to convictions. The trial court sustained the State's objection; that ruling led to the present appeal.

■ Shannon argues that the trial court, by sustaining the State's objection, impermissibly limited his cross-examination of M.S. and, thereby, denied Shannon the right to effective cross-examination. We disagree.[3] The trial court properly sustained the State's objection to Shannon's line of questioning on cross-examination. The State is correct in its assertion that a witness cannot be impeached by proof of particular extraneous acts of misconduct which are not reduced to convictions. *Arnold v. State* (1984), Ind., 460 N.E.2d 494. In *Arnold* our Supreme Court considered an argument analogous to the one advanced by Shannon:

> Defendant also contends that the trial court erred in refusing to allow him to cross-examine one of the victims about drugs he may have purchased from Jeffery Murray at an earlier time and in refusing to allow him to question two witnesses as to whether they knew they

---

1. Ind.Code 35–42–4–3(c).

2. Shannon hoped to convince the court that M.S.'s testimony against Shannon was prompted by threats from the victim to tell M.S.'s parents about his (M.S.'s) drug use.

3. In his brief Shannon also asserts that the trial court erred by limiting defense counsel's *direct* examination of *defendant* (Shannon) on the issue of M.S.'s possible drug use. Shannon's Motion to Correct Errors, however, contains no such argument and is limited entirely to the alleged deprivation of his right to cross-examine

State's witness M.S. Failure to raise an alleged error in the Motion to Correct Errors waives the right to raise that error on appeal. *Stanley v. Fisher* (1981), Ind.App., 417 N.E.2d 932, 934–35. We note, however, that even if Shannon had properly preserved this alleged error, the legal principle on which we rely to affirm Shannon's conviction (i.e., that a witness may not be impeached by proof of particular extraneous acts of misconduct which are not reduced to convictions) would require us to find against Shannon on this point as well.

could be charged with possession of drugs. Defendant argues that since drugs were found in Murray's apartment at the time of the crime and other witnesses testified about the presence of drugs, the issue was not a collateral matter and should have been available for impeachment purposes.

It has long been settled in this state that a witness cannot be impeached by proof of particular extraneous acts of misconduct which are not reduced to convictions. *Jarvis v. State*, (1982) Ind., 441 N.E.2d 1; *Chambers v. State*, (1979) 271 Ind. 357, 392 N.E.2d 1156; *Swan v. State*, (1978) 268 Ind. 317, 375 N.E.2d 198. Furthermore, only certain convictions will be allowed to be introduced for impeachment purposes. *Daniels v. State*, (1980) [274 Ind. 29] Ind., 408 N.E.2d 1244; *Ashton v. Anderson*, (1972) 258 Ind. 51, 279 N.E.2d 210. The testimony in this case which was excluded did not concern specific convictions and there was no error in its exclusion.

*Arnold*, 460 N.E.2d at 497–98.

■ Our Supreme Court's holding in *Arnold* forecloses Shannon's argument here. There has been no showing that M.S.'s alleged drug use has been reduced to a conviction. *Arguendo*, even if there had been such a showing, the *Ashton* rule (referred to in *Arnold* above) limits the convictions for which a witness may be impeached to those involving infamous crimes which would render a witness incompetent[4] or crimes involving dishonesty or false statement. *Burkes v. State* (1983), 445 N.E.2d 983, 986. Drug convictions have been held inadmissible for impeachment purposes under the *Ashton* rule. *See, e.g., Dudley v. State* (1985), Ind., 480 N.E.2d 881, 890.

■ Finally, we note that in spite of the trial court's ruling on this issue Shannon was able to present his theory of "witness blackmail" while being questioned by his attorney on redirect:

Q. Do you have any idea, Don, why they [apparently referring to the victim and M.S.] would lie?

A. My belief is that [the victim] was mad at my father for chasing him away from the house, keeping him away from seeing me. I personally had tried to start to begin to break away from our friendship. I believe it's just out of plain spite.

Q. Do you have any opinion as to whether this fight between [the victim and M.S.] was related to this incident?

A. Yes, sir, I do.

Q. What is that opinion based on?

A. Blackmail from [the victim] on [M.S.] for threatening to tell his parents about the drugs.

Record at 250. Thus, even if the trial court's ruling on this issue had been erroneous, the error would have been rendered harmless by Shannon's testimony on redirect examination.

We conclude that the trial court properly sustained the State's objection to Shannon's attempt to improperly impeach M.S.

Affirmed.

GARRARD and HOFFMAN, JJ., concur.

---

4. For example: treason, murder, rape, arson, burglary, robbery, kidnapping, forgery, and willful and corrupt perjury. *See, e.g., Brown v. State* (1984), Ind., 459 N.E.2d 376, 379.