**Alfred William HILL, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 685S235.

Supreme Court of Indiana.

Oct. 13, 1987.

Diane M. McNeal, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Alfred William Hill was accused of fatally shooting George Morgan. A jury found Hill guilty of murder, Ind. Code § 35-42-1-1 (1985 Repl.), and the trial court sentenced him to thirty years in prison. On direct appeal, Hill raises one issue: whether the evidence was sufficient to support the verdict.

 When reviewing a sufficiency claim, this Court will consider only the evidence most favorable to the verdict with all logical inferences drawn therefrom. We will not reweigh the evidence nor judge the credibility of witnesses. The verdict will not be disturbed when there is substantial probative evidence from which the trier of fact could reasonably infer guilt beyond a reasonable doubt. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

 The evidence most favorable to the verdict showed Hill and Morgan visited the home of Pat Redmond at about 9:30 p.m. on April 4, 1984. The trio subsequently drove to the home of Willie Mae Holman. Morgan, who was intoxicated, entered the home only after Holman complied with his demand that she place her cat in a bedroom. Morgan subsequently made some comments about cats which prompted Hol-

man to demand that he leave. Hill stated that he and Redmond would drive Morgan home. Once outside, Morgan yelled obscenities and referred to Holman in derogatory terms. The three entered Hill's car for the trip to Morgan's home. Redmond drove, Hill sat in the front passenger's side, and Morgan sat in the back.

On the way, Morgan spilled his drink and requested a brown towel which was near the armrest in the front seat. Wrapped within the towel was a small handgun. Hill ordered Redmond to stop the car and indicated that he wanted to speak to Morgan outside the car. As they exited, Hill grabbed the gun from under the armrest. Shortly afterward, Redmond heard a shot, a sound like a body falling, and then a second shot. Hill reentered the car without Morgan and ordered Redmond to drive back to Holman's house. Hill threatened to kill Redmond if she told anyone about what he had done. Upon arrival at Holman's house, Hill told Holman, "I killed him." Hill later threatened Holman, Redmond and a visitor of Holman's that he would kill them if they revealed his actions, even if his revenge took ten or twenty years.

The police discovered the victim's body soon after the shooting. The Lake County Coroner determined the cause of death was a gunshot wound or wounds to the head. The coroner could not determine how many times the victim had been shot.

Hill claims that the evidence is insufficient to support the jury's verdict that he knowingly or intentionally killed the victim. Hill testified at trial that the gun inadvertently discharged twice, after Morgan began struggling with Hill for no apparent reason. Hill asserts that he may be guilty of the lesser crime of reckless homicide, Ind.Code § 35–42–1–5, but not murder.

We are not persuaded. The requisite intent for murder was sufficiently proven by the evidence showing that Hill grabbed the gun immediately before the shooting, that he fired the second shot after Morgan was laying on the ground, that he admitted killing Morgan, and that he threatened with death all of the people who had any

knowledge of the events that night. While Hill's version of the shooting may have supported a lesser charge, the jury was not required to believe his testimony, particularly in light of the strong impeachment evidence introduced by the State. Thus, the trial court was justified in denying Hill's motion for directed verdict at the close of the State's case-in-chief and entering judgment on the jury's verdict.

The judgment of the trial court is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.