**Jeremiah THACKER,
Appellant–Petitioner,**

v.

**STATE of Indiana,
Appellee–Respondent.**

**No. 82A01–9005–PC–219.**

Court of Appeals of Indiana,
First District.

Dec. 11, 1990.

---

Susan K. Carpenter, Public Defender and John Ribble, Deputy Public Defender, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen. and Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-respondent.

## STATEMENT OF THE CASE

RATLIFF, Chief Judge.

Thacker appeals the post-conviction court's order, made after disqualification, which set aside the court's previous decision granting Thacker's post-conviction relief and vacating Thacker's convictions. We reverse and remand.

## FACTS

On June 13, 1988, Thacker filed a *pro se* petition for post-conviction relief on his convictions for Carrying a Handgun Without a License,[1] and two counts of Violation of the Controlled Substances Act. Subsequent amendments of the petition were made by counsel. After an evidentiary hearing, the post-conviction court granted Thacker's petition and vacated his three convictions.

On February 2, 1990, at a hearing on the State's Motion to Correct Error, Judge Lockyear *sua sponte* disqualified himself from the case, granted the State's Motion to Correct Error, and vacated his prior decision. The judge ordered the matter be referred to the court administrator for reassignment for a new post-conviction hearing.

Judge Lockyear disqualified himself for an appearance of impropriety, after he received a telephone call from Roberta Thacker who claimed she had worked for the judge. Although the judge did not know the woman, he did not want to promote the appearance that he had been influenced improperly in Thacker's post-conviction case.

On May 4, 1990, Judge Pro Tem Vowels clarified Judge Lockyear's ruling of February 2, 1990. The judge pro tem did not find the State's Motion to Correct Error had been granted, but rather only that the post-conviction decision on Thacker's petition had been set aside.

## ISSUE

We restate the sole issue on appeal as:

Did the post-conviction court judge err when he set aside his prior ruling on Thacker's petition after he disqualified himself from the case?

## DISCUSSION AND DECISION

 Thacker appeals the post-conviction judge's action of setting aside his prior decision on the post-conviction petition af-

---

1. IND.CODE § 35–23–4.1–3 (now I.C. § 35–47–2–1).

ter the judge disqualified himself from the case. Thacker contends the judge should have certified the matter to the supreme court for a special judge once he disqualified himself. Thacker alleges the court erred in ruling on the case after its *sua sponte* disqualification and any other rulings should have been left to a special judge. Thacker seeks reinstatement of the grant of the post-conviction relief and remand for certification of appointment of a special judge to rule on the State's Motion to Correct Error and any other matters.

■ On the other hand, the State contends Thacker waived the issue of the judge's disqualification and subsequent rulings because Thacker failed to timely raise the issue. Thacker did not object when Judge Lockyear disqualified himself and vacated his prior decision. Instead, after obtaining a clarification of Judge Lockyear's ruling through a judge *pro tem,* Thacker filed an appeal on the issue. The State maintains Thacker should have objected on February 2, 1990, when the court made its announcement. The State relies on *Wilson v. State* (1988), Ind.App., 521 N.E.2d 363, 365, *trans. denied. Wilson* only applies, though, to situations where the "complaining party sits idly by and awaits the outcome of the proceedings after knowledge of a trial judge's disqualification." *Id.* Such was not the case here.

In *Wilson,* the disqualified judge recused himself and was replaced by another judge. However, the disqualified judge reinstated himself without any objections by the parties and granted the State's Motion to Correct Error following a hearing. The defendant waived the judge's disqualification and reinstatement by failing to object until the hearing was completed and the judge found in favor of the state. *Id.* at 365. Here, no hearing was held on the motion to correct error because the judge disqualified himself before the hearing began. Unlike *Wilson,* the court did not hold a hearing and then rule on the motion. Thacker did not wait for the outcome of a hearing before voicing an objection. Thacker immediately appealed. Therefore, we find Thacker did not waive the issue.

When Judge Lockyear attempted to vacate his earlier grant of post-conviction relief, his action was improper since he had disqualified himself. We rely on the procedure followed in *Lewis v. State* (1985), Ind., 483 N.E.2d 43. At the post-conviction hearing in *Lewis,* the court modified the defendant's sentence, but failed to enter special findings and conclusions. The judge disqualified himself and certified the matter for appointment of another judge without addressing either parties' motions to correct error on the sentence modification issue. The special judge ruled on the motions to correct error and reinstated the original sentence. The defendant appealed the special judge's ruling. The supreme court found the original judge had made an incomplete attempt to modify the defendant's sentence. The supreme court upheld the special judge's actions as procedurally correct. *Id.* at 45.

The proper procedure to follow after disqualification is the certification for appointment of a special judge. Ind.Trial Rule 79. The judge's vacating of his prior grant of the petition for relief was improper. The court rules are binding on the courts and must be followed by the court. *Eggers v. Wright* (1969), 253 Ind. 44, 47, 245 N.E.2d 331, 334; *see also Falconer v. Meehan* (7th Cir.1986), 804 F.2d 72, 78 (orders made prior to motion to recuse need not be set aside); *United States v. Widgery* (7th Cir. 1985), 778 F.2d 325, 327–28 (disqualification for the appearance of impropriety runs prospectively only; even a successful motion [for recusal] does not vitiate acts taken before the motion was filed); *United States v. Murphy* (7th Cir.1985), 768 F.2d 1518, 1541 (prior judicial acts need not be set aside after judge disqualified unless actual impropriety shown); *compare,* after motion for change of venue or judge, the original judge loses jurisdiction and has no power to dismiss a pending petition, *State ex rel. Lake County Council v. Lake County Court* (1977), 266 Ind. 25, 359 N.E.2d 918, to cite defendant for contempt, *State ex rel. Ballard v. Jefferson Circuit Court* (1947) 225 Ind. 174, 73 N.E.2d 489, or to change or correct any records or errors. *State ex rel. Krupa v. Peak* (1947),

225 Ind. 164, 73 N.E.2d 482. The special judge is the proper judge to consider the State's Motion to Correct Error and any contentions that Judge Lockyear's decisions made before his disqualification were tainted. *See Lewis,* 483 N.E.2d at 45.

We do not consider the actions of Judge Lockyear occurring after his disqualification or the actions of the judge *pro tem.* The judge *pro tem* had only the authority which the original judge had to act. *Fairfield v. Fairfield* (1989), Ind., 538 N.E.2d 948, 949. Judge Lockyear had no authority after he disqualified himself; and therefore, the judge *pro tem* had no authority over the case.

We reverse and remand with instructions to the trial court to reinstate the decision granting post-conviction relief. Furthermore, we instruct the court to certify the matter to the supreme court for appointment of a special judge to consider the motion to correct error and any other matters.

Reversed and remanded.

BAKER and STATON, JJ., concur.