**Jerry EHRLICH and Wabash National Corporation, Appellants–Defendants,**

v.

**A. Robert THAYER, Appellee–Plaintiff.**

No. 79A02–9610–CV–624.

Court of Appeals of Indiana.

Nov. 7, 1997.

Rafael Ramirez, Indianapolis, for Appellants–Defendants.

Robert L. Bauman, Ellen R. Klausen, Gambs, Mucker, Bauman & Seeger, Lafayette, for Appellee–Plaintiff.

## OPINION

SULLIVAN, Judge.

Appellants, Jerry Ehrlich and Wabash National Corporation (Collectively Ehrlich), appeal the trial court's July 26, 1996 order in which the trial judge recused himself and set aside a prior order granting summary judgment in favor of Ehrlich.

We reverse.

Ehrlich presents two issues for review:

(1) Whether there was sufficient basis for the trial judge to set aside the prior summary judgment entered in favor of Ehrlich.

(2) Whether the trial judge had the authority to recuse himself from the case and enter an order setting aside the summary judgment.

At the outset, we note that, because the trial court was not in a position to enter an order, we need not address whether his setting aside of the summary judgment, in and of itself, was in error. However, we will address the issue in order to dispel what appear to be misconceptions by the parties.

Appellee, A. Robert Thayer (Thayer), and Marshall Crawford filed a defamation suit against Ehrlich in 1994. It seems that *The Lafayette Journal and Courier* published an article in which Jerry Ehrlich was credited with comments made about the plaintiffs regarding an unrelated legal case. Ehrlich moved for summary judgment on December 15, 1995, and after numerous motions by each party, Judge Donald C. Johnson (Judge Johnson) granted the summary judgment on May 31, 1996. Thayer and Crawford quickly filed, *pro se,* a motion to correct errors,

which was denied by the trial court on June 27, 1996.

Crawford and Thayer then filed a motion for recusal, appointment of special judge and rescission of summary judgment, which reads as follows:

> "Comes now Plaintiffs, by Counsel[1] and pursuant to TR 79, states [sic] that there exists sufficient reason and interest in this case for the trial court Judge to Recuse himself and appoint a special judge, and that the prior summary judgment order be rescinded, pursuant to TR 60." Record at 987.

After a conference, held off the record, the trial judge issued the following order:

> "Comes now the parties by counsel. Status conference is conducted. The Court now recuses itself, sets aside the summary judgment order and directs counsel to select a special judge pursuant to local rule as permitted under T.R. 79, Indiana Rules of Court." Record at 993.

■ Ehrlich first asserts that Thayer did not meet the burden imposed by Trial Rule 60 in order for the court to grant relief from the summary judgment. Ehrlich points out that TR 60 requires that the movant. must "affirmatively demonstrate that relief is necessary and just." *Crown Aluminum Indus. v. The Wabash Co.* (1977) 174 Ind.App. 659, 369 N.E.2d 945, 947. We agree. A party bears the burden of showing why relief is necessary and neither Thayer's written motion, nor the record, meet this burden.[2]

However, our determination simply means that Thayer did not carry his burden *entitling* him to relief. If Judge Johnson had denied Thayer's relief, that discretionary ruling would be upheld upon appeal. However, Judge Johnson granted Thayer's relief. The question is not whether Thayer carried his burden; the question is whether Judge John-

son's rulings were contrary to law. Trial Rule 60 also allows a trial court to set aside a summary judgment .upon the filing of an independent action for any reason justifying relief. Ehrlich recognizes that we will not reverse the trial court's decision absent an abuse of discretion. *Shockley v. Williamson* (1992) Ind.App., 594 N.E.2d 814. If setting aside the summary judgment was within the judge's prerogative at the time, it would not have been in error.

■ However, we are convinced that *Thacker v. State,* (1990) Ind.App., 563 N.E.2d 1307, dictates that Judge Johnson could not have recused himself *and* set aside the summary judgment. In *Thacker,* the trial court judge granted the defendant's post-conviction petition and vacated his convictions. The State filed a motion to correct error and the judge, *sua sponte,* recused himself and granted the State's motion, vacating his grant of post-conviction relief (thereby reinstating Thacker's convictions). The Court of Appeals noted that "[w]hen [the judge] attempted to vacate his earlier grant of post-conviction relief, his action was improper since he had disqualified himself." *Id.* at 1309.

The parties make much of the order of events. As noted above, the trial court order says that the "[c]ourt now recuses itself, sets aside the summary judgment order ..." Record at 993. Thayer argues that Johnson recused himself *after* setting aside the judgment. We find the distinction irrelevant. The judge performed all the functions in the same off-record conversation and in the same order; therefore, the actions were simultaneous. Further, a review of the record in *Thacker* indicates that in that case the judge said that "I will, so disqualify myself, *after* granting the Motion to Correct Errors."

---

1. It appears that the "counsel" to which this motion refers is actually Marshall Crawford, an attorney, yet also a plaintiff. Following recusal and redocketing of the case in Circuit Court, Crawford dismissed his complaint against Ehrlich with prejudice.

2. The supplemental record and the briefs indicate that Judge Johnson had recused himself from a criminal case in which Thayer was a

defendant on July 1, 1996. It appears that, in that case, Judge Johnson may have recused himself because he previously represented Thayer's ex-wife in an unrelated matter. However, in this case, Judge Johnson's affidavit notes that during the off-record discussion, it was merely mentioned that he had recused himself in the other case, with no mention of the reason for such recusal.

*Thacker*, Record at 475.[3] Therefore, if in that case, where the judge specifically recused himself after granting the motion, the judge was without the authority to set aside his previous order, Judge Johnson, too, was without the authority. The order setting aside the summary judgment should be reversed, and the cause should be remanded to Judge Melicar who may rule upon Thayer's motion to set aside the summary judgment.

This cause is hereby reversed and remanded for further proceedings not inconsistent with this opinion.

FRIEDLANDER and GARRARD, JJ., concur.

---

**3.** Although the opinion in *Thacker* repeatedly states that the ruling took place following the recusal of the judge, the record, as noted, demonstrates the contrary.