**The CLEAR CREEK CONSERVANCY DISTRICT, Appellant–Respondent,**

v.

**David WOODEN, Appellee–Moving Party.**

No. 67A04–9812–CV–590.

Court of Appeals of Indiana.

May 14, 1999.

under T.R. 75(C).

---

1. However, upon remand, the State may litigate this question in the context of recovering its costs

James M. Houck, Greencastle, Indiana, Attorney for Appellant.

## OPINION

STATON, J.

The Clear Creek Conservancy District ("District") appeals the trial court's order eliminating the sewer assessment for Lot 392 in Jefferson Valley, Heritage Lake. The order was in response to a petition filed by the owner of Lot 392, David Wooden, to eliminate the assessment. The District raises two issues, which we consolidate and restate as one: whether the trial court erred by eliminating the assessment.

We affirm.

In 1988, the Putnam Circuit Court approved the Report of Appraisers of the Clear Creek Conservancy District and, with certain named exceptions, ordered an exceptional benefits assessment of $2,550 for each lot in the Jefferson Valley subdivision. The purpose of the assessment was to pay for the construction of a sewer system. The owner of each assessed lot had the option of paying the entire $2,550 in full or paying $280.93 per year for 25 years.

Lot 392 is one of the lots that was assessed. Lot 392 serves as a secondary spillway for a lake that borders the lot. Lot 392 is also encumbered by an easement that permits the Bradford–Scott Corporation to use the lot to maintain, repair, and service the secondary spillway. For these reasons, the owner of Lot 392 may not build on it.

David Wooden purchased Lot 392 in 1996. Because he cannot build on the lot, Wooden believes the sewer assessment is unfair and has refused to pay it.[1] In 1998, Wooden filed

---

1. Although the record is not entirely clear on this point, it appears that the original owner of Lot

a petition with the Putnam Circuit Court seeking to eliminate the assessment on Lot 392, arguing that the assessment is overly burdensome because no sewer service is required for the lot. The trial court granted Wooden's petition; this appeal ensued.

■ Initially, we note that Wooden did not file an appellee's brief. Where an appellee's brief has not been filed, we may reverse the lower court if the appellant can establish *prima facie* error. *Beehler v. Beehler*, 693 N.E.2d 638, 640 (Ind.Ct.App.1998). *Prima facie*, in this context is defined as "at first sight, on first appearance, or on the face of the argument." *Id.*, n. 1.

■ The District first contends that Wooden's petition was a motion for relief from judgment made pursuant to T.R. 60(B), and that Wooden is not entitled to relief under any of the subsections to that rule. Although Wooden did not style his petition as a T.R. 60(B) motion, the District apparently believes that Wooden could challenge the exceptional benefits assessment for Lot 392 only in the context of a motion for relief from the 1988 court order that created the assessment. We disagree with the conclusion that Wooden was limited to challenging the assessment via a T.R. 60(B) motion.

■ Although a T.R. 60(B) motion is a means by which a party may seek relief from a judgment, the rule does not preclude a court from entertaining an independent action seeking relief from a final judgment, order, or proceeding. T.R. 60(B) ("This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding ...."); 4 WILLIAM F. HARVEY, INDIANA PRACTICE, RULES OF PROCEDURE ANNOTATED 170 (2nd ed.1991). A trial court may set aside a judgment upon the filing of an independent action for any reason justifying relief. *Ehrlich v. Thayer*, 686 N.E.2d 916, 917 (Ind.Ct.App. 1997). We will reverse the court's decision to set aside the judgment only upon a showing of abuse of discretion. *Id.* An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court,

or if the court has misinterpreted the law. *McCullough v. Archbold Ladder Co.*, 605 N.E.2d 175, 180 (Ind.1993).

■ Here, the trial court found that the spillway and easement on Lot 392 prevent a building from being constructed there. Because no building can be located on Lot 392, the trial court further concluded that the sewer assessment should be removed. The trial court's decision is consistent with the statutes governing exceptional benefits assessments. IND.CODE § 14–33–8–8(b) (1998) provides: "The determination of exceptional benefits from the accomplishment of this purpose [sewage collection, treatment, and disposal] is always subject to amendment or supplement as a result of changed land use." The sewer assessment for Lot 392 occurred in 1988. The Lot 392 easement was granted in 1991, thereby resulting in a changed land use, which in turn, justifies elimination of the assessment.

The District argues that there has been no changed land use. The District contends that a flowage easement for the spillway on Lot 392 predated the 1988 sewer assessment. The only easement included in the record is the 1991 easement, which, of course, was issued after the assessment. Accordingly, the District's contention is not supported by the record.

The District also argues that the equities do not support the trial court's removal of the assessment on Lot 392. Wooden admitted that he knew of the assessment on Lot 392 prior to purchasing it. The easement on Lot 392 was recorded in 1991; thus, Wooden had constructive notice of this encumbrance on the land when he purchased it in 1996. Finally, Lot 392 is adjacent to a lot Wooden also owns, and as such, it adds to Wooden's enjoyment of his home on the second lot. We agree that these facts do not favor the trial court's grant of Wooden's petition. However, additional facts support the trial court's grant of the petition. Lot 392 was assessed in 1988 with the expectation that the owner of the lot would receive a benefit from the sewer service. The evidence estab-

392 elected not to pay the exceptional benefits assessment in full, instead choosing to pay the

assessment in annual installments.

lishes that a building cannot be built on Lot 392, due in part to a 1991 easement. Because a building cannot be built, the owner of the lot cannot benefit from the sewer service provided to that lot. Based upon these facts, we cannot conclude that the trial court abused its discretion in eliminating the sewer assessment for Lot 392.

Affirmed.

BAILEY, J., and FRIEDLANDER, J., concur.