**Darrolyn A. ROSS, Roberta L. Ross, and The Law Group of Ross and Brunner, Appellants/Defendants,**

v.

**Sheila RUDOLPH, Luvenia Kilpatrick, Cheryl Thompson, William Thompson, Esther J. Johnson, and Ella Williams, Appellees/Plaintiffs.**

No. 49A04–0902–CV–69.

Court of Appeals of Indiana.

July 29, 2009.

Publication Ordered Aug. 28, 2009.

quintessence of failing to negotiate on that point.

Sean T. White, Hoover Hull LLP, Indianapolis, IN, Attorney for Appellants, Roberta L. Ross and The Law Group of Ross and Brunner.

Julia Blackwell Gelinas, David T. Kasper, Maggie L. Smith, Frost Brown Todd LLC, Indianapolis, IN, Attorneys for Appellant, Darrolyn A. Ross.

Robert S. Rifkin, Maurer Rifkin & Hill, P.C., Carmel, IN, Attorney for Appellees.

## MEMORANDUM DECISION

BRADFORD, Judge.

Appellants/Defendants Darrolyn Ross, Roberta Ross, and The Law Group of Ross and Brunner appeal the trial court's vacation of its entry of summary judgment in their favor. Appellants contend that the trial court's action in this regard was invalid, as it was issued the same day as the trial court judge issued an order of recusal. We affirm.

### FACTS AND PROCEDURAL HISTORY

On June 28, 1994, a hexane gas explosion occurred at a Central Soya facility in Indianapolis, injuring several persons, including Appellees/Plaintiffs Sheila Rudolph, Luvenia Kilpatrick, Cheryl Thompson, William Thompson, Esther Johnson, and Ella Williams. Ultimately, all of the Appellees hired Appellants to represent them in an action against Central Soya. On March 25, 2005, Appellees filed suit against Appellants, seeking an accounting of the settlement Appellants had negotiated in 2003 with Central Soya.

On January 24, 2008, the trial court entered partial summary judgment in favor of Appellants as against Rudolph, Kilpatrick, and Johnson. On August, 22, 2008, the trial court entered summary judgment in favor of Appellants as to the remaining Appellees. On September 18, 2008, the Appellees filed a motion to correct error. On December 12, 2008, the trial court held a hearing on the motion to correct error and took the matter under advisement.

On January 6, 2009, the trial court issued an order setting aside its grant of summary judgment in favor of Appellants, and the trial court judge, the Honorable Gerald S. Zore, *sua sponte* recused himself from the case "pursuant to Ind. Trial Rule

79(C)." Appellant's App. p. 18. The chronological case summary does not divulge the hour at which the two events occurred or if they occurred simultaneously. On January 14, 2009, the Marion County Clerk appointed the Honorable David A. Shaheed as special judge. On February 9, 2009, Appellants filed a notice of appeal.

## DISCUSSION AND DECISION

■ The sole question before us is whether Judge Zore had the authority to set aside his earlier order of summary judgment in favor of Appellees on the same day that he recused himself. Appellants contend that Judge Zore's order is invalid, as it was issued on the same day as his recusal. Appellees contend that Indiana law does not prevent a judge from issuing substantive orders on a case, even after he had decided that he must recuse himself, unless actual prejudice or bias has been shown.

■ The question here is not whether the trial court's withdrawal of grant of summary judgment in favor of Appellees amounts to an abuse of discretion, but, rather, whether Judge Zore had the authority to rule on the matter at all, which is a question of law. *Ehrlich v. Thayer*, 686 N.E.2d 916, 917 (Ind.Ct.App.1997). A judge may not render a substantive ruling in a case where a recusal was issued simultaneously. *Thacker v. State*, 563 N.E.2d 1307, 1309 (Ind.Ct.App.1990). Where a judge has recused himself, he can no longer issue any substantive rulings. *Id.*

■ Here, even though the orders in question were issued on the same day, the record does not reflect whether the recusal decision preceded the order to set aside the summary judgment or followed it by, perhaps, several hours. We cannot assume that orders issued the same day are necessarily issued at the same time.[1] Because there is nothing in the record indicating that Judge Zore issued the order to set aside the summary judgment *after* deciding to recuse himself, we must presume that he did not. "It is a cardinal rule of appellate review that the appellant bears the burden of showing reversible error by the record, as all presumptions are in favor of the trial court's judgment." *Marion–Adams Sch. Corp. v. Boone*, 840 N.E.2d 462, 468 (Ind.Ct.App.2006). Under the circumstances, we must affirm the judgment of the trial court.

The judgment of the trial court is affirmed.

CRONE, J., and BROWN, J., concur.

## ORDER

On July 29, 2009, the Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellant Darrolyn A. Ross, by counsel, has filed an Appellant's Motion to Publish.

---

1. We note that the order to set aside the summary judgment appears before the recusal order in the chronological case summary. We acknowledge Appellants' authority establishing that, in some cases, matters filed the same day are considered to have been filed simultaneously. *See, e.g., Martin v. Alamo Comm. Coll. Dist.*, 353 F.3d 409, 413 (5th Cir.2003). We decline to extend that proposition to this context, however, because of the very real possibility that a judge could issue a substantive ruling in the morning and later on the same day decide to recuse himself.

We also acknowledge Appellees' contentions that the record discloses no suggestion of bias on Judge Zore's part and that whether such bias existed should be the focus of our inquiry, not the timing of the various orders. We need not address these contentions, as we have ruled in Appellees' favor on other grounds.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Motion to Publish is GRANTED, and this Court's opinion handed down in this cause on July 29, 2009, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

CRONE, BRADFORD, and BROWN, JJ., concur.