In the Matter of the ESTATE OF
William Donald SANDEFUR,
Deceased.

Deanna Lynn SANDEFUR,
Appellant–Respondent,

v.

Donald C. SANDEFUR, Appellee–
Petitioner.

No. 73A05–9612–CV–521.

Court of Appeals of Indiana.

Sept. 19, 1997.

Richard A. Cook, Richard R. Skiles, Skiles & Cook, Indianapolis, Mark W. McNeely, McNeely Sanders Stephenson & Thopy, Shelbyville, for Appellant–Respondent.

Phillip W. Brown, Jeffrey M. Linder, Brown Linder & DePrez, Shelbyville, for Appellee–Petitioner.

## OPINION

SHARPNACK, Chief Judge.

Deanna Lynn Sandefur appeals the revocation of her appointment as special administrator for the purpose of pursuing a wrongful death claim. Deanna raises four issues for our review which we consolidate and restate as whether the trial court erroneously revoked her appointment as special administrator. We reverse.

### FACTS

The facts are generally undisputed. On June 18, 1996, William Sandefur died intestate at the age of twenty-nine years old. William was survived by his four-year old daughter, R.S., and his father, Donald C. Sandefur. Deanna is the mother of R.S. and William's former wife.

On July 1, 1996, Deanna filed a petition for appointment as special administrator of William's estate (hereinafter "the estate"). Deanna requested the appointment because she wished to file a wrongful death action on R.S.' behalf for the death of her father. Deanna also filed an acceptance and oath for the appointment. On the same day, the trial court entered an order authorizing the issuance of letters of special administration which states in part:

"3. That Deanna Lynn Sandefur will have the following powers and duties, to-wit: to serve as Special Administrator of the Estate of William Donald Sandefur, deceased, and do any and all things necessary and proper to secure, protect and preserve the rights of [R.S.] and the estate of William Donald Sandefur in regard to the possible wrongful death of William Donald Sandefur."

Record, p. 71.

On July 22, 1996, Donald filed a motion to revoke Deanna's appointment as special administrator, to revoke the letters of special administration, and to appoint him as successor special administrator.[1] On August 27,

---

1. In its order revoking Deanna's appointment, the trial court found that on July 11, 1996, Don-

1996, the trial court held a hearing on the motion. Two days later, the trial court revoked Deanna's appointment and the letters of special administration. The trial court ordered that Donald and Deanna attempt to agree upon a successor special administrator and suggested a neutral financial institution. The order further provided that if the parties could not agree within seven days of the order they should promptly notify the trial court so that it could make an appointment. There is no evidence in the record that the parties agreed on a successor or that the parties contacted the trial court to appoint one as specified in the order.

On September 24, 1996, Deanna filed a praecipe for appeal. On June 6, 1997, we retained jurisdiction over the case but remanded to the trial court for the purpose of having the trial court appoint a successor administrator. On June 23, 1997, the trial court appointed Donald as successor special administrator. Deanna now appeals the revocation of her appointment as special administrator.

## INTRODUCTION

Before reaching the merits of this appeal, we feel it necessary to give a brief overview of the statute being applied in this case. Chapter Ten of the Indiana Probate Code deals with the law and procedures relating to all types of personal representatives. *See* Ind.Code §§ 29–1–10–1 to 19. This chapter contains separate and distinct provisions for the appointment of general administrators and for the appointment of special administrators. The section that provides for the appointment of special administrators also contains a provision which states that all other provisions in the chapter on personal representatives apply to special administrators unless by their terms they apply to general administrators. I.C. § 29–1–10–15.

In the case before us, there was confusion concerning the distinction between general administrators and special administrators and concerning the appropriate sections of the statute. Both the original arguments of the parties and the holding of the trial court were based on the provision of the statute that provides for the appointment of general administrators. *See* I.C. § 29–1–10–1. However, the probate code contains a separate and distinct provision which governs the appointment of special administrators. *See* I.C. § 29–1–10–15. Thus, our resolution of this appeal will require us to review the trial court's action in light of this particular provision rather than the provision for general administrators.

## DISCUSSION

■ Before addressing Deanna's contention that her appointment was erroneously revoked, we must dispose of Donald's contention that I.C. § 29–1–10–15 prevents Deanna from appealing the trial court's order of revocation. This section governs the appointment of special administrators for a decedent's estate and provides in part as follows:

"Otherwise, and except as the provisions of this article by terms apply to general personal representatives, and except as ordered by the court, the law and procedure relating to personal representatives in this article shall apply to special administrators. *The order appointing a special administrator shall not be appealable.*"

I.C. § 29–1–10–15 (emphasis added). Donald contends that because the statute does not allow an appeal from an order appointing a special administrator, Deanna cannot appeal the revocation of her appointment. We disagree.

■ First, the statute specifically refers to an order appointing a special administrator and makes no mention of an order revoking an appointment. *See id.* Second, the statute specifies that the other provisions of the article governing personal representatives

---

ald had petitioned another court, Shelby Superior Court I, for appointment as administrator of his son's estate. It is not clear from the record whether Donald was petitioning for appointment of special administrator or general administrator. The trial court further noted that Deanna had filed a subsequent petition in that court to

dismiss those proceedings contending that the Shelby Superior Court I lacked jurisdiction. At the time of the trial court's order, the matter remained pending. The record does not clearly indicate whether Donald was in fact appointed as administrator by Shelby Superior Court I.

(not by their terms applicable to general personal representatives) govern the law and procedures with respect to special administrators. *See id.* One of the provisions governing personal representatives is I.C. § 29–1–10–6 which outlines the procedure that the trial court must use for the removal of a personal representative. In contrast to the special administrator section of the statute, the removal section does not contain a provision which expressly prohibits the appeal of orders removing a personal representative. In addition, by specifically providing a procedure for the removal of administrators, the legislature limited the discretion of the trial court. By imposing such limitations, it follows that the legislature intended that the trial court's discretion in the removal of personal representative would be reviewable for abuse of that discretion. Therefore, although the statute does not allow the appeal of an order appointing a special administrator, the order removing a special administrator may be appealed by the aggrieved party. *See* I.C. § 29–1–10–15. Because we conclude that the removal section of the statute applies to both special and general administrators, we will also apply the same standard of review to the removal of either type. A court with probate jurisdiction has broad discretion in the removal of administrators and we will review only for an abuse of that discretion. *State Ex Rel. Ripa v. Lake Superior Court,* 220 Ind. 436, 442, 43 N.E.2d 871, 874 (1942).

Because we find that the order revoking Deanna's appointment as special administrator is appealable, we must now determine whether the trial court erroneously revoked her appointment. The personal representative chapter of the probate code provides a specific procedure for the removal of special administrators. A special administrator may be removed pursuant to I.C. § 29–1–10–6, which provides in part as follows:

"When the personal representative becomes incapacitated (unless the incapacity is caused only by a physical illness, infirmity, or impairment), disqualified, unsuitable or incapable of discharging the representative's duties, has mismanaged the estate, failed to perform any duty imposed by law or by any lawful order of the court, or has

ceased to be domiciled in Indiana, the court may remove the representative as provided [in this section]."

■ Consequently, once the trial court has made an appointment of a special administrator, it may not remove the administrator without a finding that the special administrator meets one of the statutory criteria for removal. *See id.* More specifically, the trial court may remove a special administrator if it finds that person to be disqualified. Here, the trial court found that Deanna did not qualify to serve as special administrator stating:

"4. I.C. 29–1–10–1 provides the order in which letters of general administration may be granted to various classes of persons. No will exists; decedent was not married at his death.

5. Both Petitioner Donald C. Sandefur and [R.S.] qualify as next of kin pursuant to Section (a)(3); however [R.S.] is disqualified because of her minority pursuant to Section 1(b)(1).

6. Deanna Lynn Sandefur does not qualify because she is not next of kin; furthermore Petitioner filed a Petition for Appointment within the thirty (30) days provided by Section 1(a)(4).

7. *Kinnick v. Coy* (1906), 40 Ind.App. 139, 81 N.E. 107 provides no assistance to Deanna because it holds that the guardian, as between himself and those who are not heirs or creditors of the estate and who represent no one who has an interest in the estate, is entitled to preference as a matter of right. Donald C. Sandefur is qualified to be appointed.

8. Thus, Deanna Lynn Sandefur is not entitled to serve as Special Administrator; her appointment is hereby revoked and the Letters of Administration previously issued to her are also revoked.

9. The Court recognizes that [R.S.] has a paramount interest in the potential wrongful death cause of action and, therefore, orders that the parties attempt to agree upon a successor administrator within seven (7) days of this Order. The Court suggests the parties consider a neutral

financial institution to serve in this capacity.

10. Should the parties fail to agree, they shall promptly notify the Court, which shall then appoint an appropriate Successor Administrator."

Record, pp. 9–11. In other words, the trial court found that Deanna did not qualify to be appointed as special administrator under the priorities set out in the general administrator statute because Donald had a higher priority than Deanna and revoked her appointment on this basis. The section governing appointment of general administrators provides in part:

"(a) Domiciliary letters testamentary or domiciliary *letters of general administration* may be granted to one (1) or more of the persons mentioned in this subsection, natural or corporate, who are not disqualified, in the following order:

(1) To the executor or executors designated in the will.

(2) To the surviving spouse, or to the person or persons nominated by the surviving spouse or to the surviving spouse and the person or persons nominated by the surviving spouse.

(3) To the next of kin, or to the person or persons nominated by them, or any of them or to the next of kin, or any of them, and the person or persons nominated by the next of kin or any of them.

(4) If there is no executor named in the will, or if the executor named in the will does not qualify, or if there is no surviving spouse or next of kin, or if no such person files a petition for letters within thirty (30) days after the date of the death of the decedent, then to any other qualified person.

(b) No person is qualified to serve as a domiciliary personal representative who is:

(1) Under eighteen (18) years of age;

. . .

\* \* \* \* \* \*

(5) A person whom the court finds unsuitable."

I.C. § 29–1–10–1 (emphasis added). Again, based on this section of the statute, the trial court concluded that because William had a qualified surviving next of kin, namely his father Donald, Deanna was not qualified under this list of priorities to serve as special administrator.

 However, by its clear language, this section applies to the appointment of general administrators and, therefore, not to the appointment of special administrators. As noted above, the personal representative chapter contains a separate section that governs the appointment of special administrators and provides in relevant part as follows:

"A special administrator may be appointed by the court if:

\* \* \* \* \* \*

(b) Before the expiration time allowed by law for issuing letters, any competent person shall file his affidavit with the clerk that anyone is intermeddling with the estate or that there is no one having the authority to take care of the same,

\* \* \* \* \* \*

The appointment of a special administrator may be for a specified time to perform duties respecting specific property, or to perform particular acts as shall be stated in the order of appointment."

I.C. § 29–1–10–15. Thus, the trial court may appoint "any competent person" as special administrator under certain circumstances, one of those being when there is no one with authority to take care of the estate. In Deanna's petition for appointment as special administrator, she alleged that the estate had not been opened. In its order appointing Deanna, the trial court found that this allegation to be true. We also presume that the trial court found her competent, and there is nothing in the record to indicate otherwise.

 As noted earlier, the order appointing a special administrator is not appealable. *See id.* As a result, the trial court has complete discretion in the appointment of special administrators. Given the trial court's broad discretion under the statute, Deanna's appointment was proper because she was a competent person and there was no other person with authority over the estate who could proceed with the wrongful death action. *See id.*

■ The purpose for Deanna's appointment was also valid. The statute allows for the appointment of a special administrator "to perform particular acts." I.C. § 29–1–10–15; *see South v. White River Farm Bureau Co-op.*, 639 N.E.2d 671, 673–674 (Ind. Ct.App.1994), *trans. denied.* A personal representative may be appointed for the specific purpose of prosecuting an action. *Forrey v. Turpin,* 106 Ind.App. 681, 688, 20 N.E.2d 212, 214 (1939). Our courts have held that an administrator can be appointed for the sole purpose of prosecuting a wrongful death action and that such appointment does not depend on the decedent leaving assets. *See, e.g., Pettibone v. Moore,* 223 Ind. 232, 237, 59 N.E.2d 114, 116 (1945), *reh'g denied; American Nat'l Bank & Trust Co. v. Hines,* 143 Ind.App. 217, 226, 239 N.E.2d 589, 594 (1968), *reh'g denied.*

■ Further, I.C. § 29–1–10–17 governs the publication of notice for collection of damages for personal injury resulting in death. It provides in part that "[i]n the event that [the] administrator was appointed for the sole purpose of collecting [damages for personal injury resulting in the death of the decedent] it shall not be necessary to publish any notice of the issuance of letters of administration." I.C. § 29–1–10–17. The language of this section of the statute obviously contemplates the practice of appointing a special administrator for the sole purpose of pursuing a wrongful death action. Thus, under the statute, the trial court did not abuse its discretion by appointing someone solely for the purpose of pursuing the wrongful death action.[2] Consequently, the revocation of Deanna's appointment on the basis that she did not qualify under the general administration statute was erroneous.

■ Once a valid appointment of a special administrator has been made, removal of that administrator must follow the statutory provisions for removal. *See* I.C. § 29–1–10–6. We have determined that the trial court's basis for disqualifying Deanna was erroneous. We also do not find in the record any indication that Deanna was incapacitated, unsuitable or incapable of discharging her duties, had mismanaged the estate, failed to perform any duty imposed by law or by any lawful order of the court, or had ceased to be domiciled in Indiana. I.C. § 29–1–10–6. Therefore, we find no proper basis for the trial court's revocation of Deanna's appointment as special administrator.

In addition, a successor administrator may only be appointed when an existing administrator either dies, is removed or resigns. I.C. § 29–1–10–7. Thus, because we reverse the trial court's removal of Deanna, we must also necessarily reverse the trial court's subsequent appointment of Donald as successor special administrator.

For the foregoing reasons, we reverse the trial court's judgment.

Reversed.

BARTEAU and HOFFMAN, JJ., concur.

---

**2.** As noted by the trial court, Donald does qualify as next of kin under the general administration statute to be appointed as general administrator of the estate. *See* I.C. § 29–1–10–1. However, the appointment of Deanna as special administrator for the purpose of pursuing the wrongful death action does not preclude the appointment of Donald as general administrator. Such an appointment would not affect Deanna's ability to pursue the wrongful death action because the

prosecution and outcome of such an action does not affect the decedent's estate. *American Nat'l Bank & Trust Co.,* 143 Ind.App. at 226, 239 N.E.2d at 594. A general administrator and a special administrator serve in different fiduciary capacities and are separate and distinct parties. *Id.* at 225, 239 N.E.2d at 593. Thus Donald's appointment as general administrator of William's estate, would not affect Deanna's ability to serve as special administrator.