**Michael Lee Brandon POPE, Minor Child, by Next Friend, Hope Denise SMITH, Mother, Appellant–Petitioner,**

v.

**Thedda D. POPE, Special Administratrix of the Estate of Parrish Allen Pope, Appellee–Respondent.**

No. 89A01–9804–CV–141.

Court of Appeals of Indiana.

Oct. 30, 1998.

Karen B. Neiswinger, Indianapolis, Clyde Williams, Jr., Williams Delaney & Simkin, Richmond, for Appellant–Petitioner.

Frederick W. Crow, Young & Young, Indianapolis, for Appellee–Respondent.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Parrish Allen Pope died intestate leaving his five-year old son Michael Lee Brandon Pope ("Brandon") as his only heir. Parrish's sister, Thedda D. Pope ("Thedda"), petitioned for letters of special administration for the sole purpose of pursuing a wrongful death action. After the regular judge recused himself, a judge *pro tempore* granted Thedda's petition and appointed her special administratrix of her brother's estate. Hope Denise Smith ("Hope"), Brandon's mother, petitioned to close the estate or alternatively, to remove Thedda and substitute herself as the special administratrix. The trial court denied Hope's motion, and she now appeals.

We dismiss the appeal as premature and remand.

### ISSUES

Hope seeks review of the following dispositive issue: Whether the trial court lacked the authority to appoint Thedda as special administratrix. In her cross-appeal, Thedda asks us to decide whether Hope has the substantive right to appeal from the court's order.[1]

---

1. Both parties treat the court's order denying Hope's petition to remove Thedda as special administratrix as a final order. While Indiana Code § 29–1–1–22 provides that a person aggrieved by a decision of the probate court may prosecute an appeal, the statute does not give the aggrieved person the right to an immediate appeal but states that appeals "shall be taken as appeals are taken in civil causes." Here, the order, which did not dispose of all the issues as to all the parties, remains interlocutory. *See Northwestern Mut. Life Ins. Co. v. Stinnett*, 698 N.E.2d 339, 340–41 (Ind.Ct.App.1998) (defining final judgment). However, the order was not certified for appeal under either Indiana Trial Rule 54(B) or Indiana Appellate Rule 4(B)(6). We recognize that the parties present a substantial question of law and that the remedy by appeal after final judgment may be inadequate. Further, the parties agree on the issues present-

## FACTS AND PROCEDURAL HISTORY

On November 1, 1997, thirty-six year old Parrish Allen Pope was severely injured in an automobile collision. He died on November 6, 1997, with no appreciable assets. Parrish had never married, but paternity of Brandon had been established prior to Parrish's death.

On November 10, 1997, Thedda filed her Petition for Issuance of Letters of Special Administration in Wayne Superior Court No. 2, where the Honorable Gregory A. Horn presides. In her petition, Thedda claimed to be an "interested person" entitled to be appointed special administratrix because "she is the surviving sister of the decedent" and because the decedent's mother and other siblings agreed to her appointment. The single reason Thedda sought to open the estate was to pursue a wrongful death claim. Brandon is Parrish's sole dependent. Thedda attached a proposed contingent fee agreement and asked the court for authorization to employ the named counsel under the stated contractual terms.

On the same day, Judge Horn recused himself and appointed the Honorable P. Thomas Snow to serve as judge *pro tempore* for fifteen minutes "for the sole purpose of ... signing an Order of Issuance of Letters of Special Administration...."[2] Judge Snow granted Thedda's petition during that time. On November 14, 1997, the case was transferred first to the Wayne Circuit Court and then to Wayne Superior Court No. 1, where Judge Snow regularly presides.

Unaware that Thedda had opened Parrish's estate, Hope filed her own petition seeking letters of administration and appointment as special administratrix on November 21, 1997. Upon learning of Thedda's prior appointment, Hope moved to close the estate or, alternatively, to remove Thedda as special administratrix and to appoint herself in that capacity. Hope challenged the court's au-

thority to enter the order and argued Thedda was a stranger to her son and not a suitable person to pursue a claim on his behalf. Following a hearing, the court denied Hope's petition, ruling that Hope had made "no showing" for Thedda's removal.

Hope filed a timely praecipe and thereafter petitioned this court for an order staying the wrongful death litigation pending appeal. Following an emergency hearing on Hope's petition, we denied the stay so that Thedda could pursue the claim but ordered her to postpone settlement negotiations and trial until we issued our opinion. We further ordered Thedda's counsel to inform Hope's counsel of all matters related to the pending suit and to provide counsel with copies of all notices, pleadings, motions, discovery and correspondence.

## DISCUSSION AND DECISION

■ Indiana's wrongful death statute grants the right to maintain a wrongful death action only to the decedent's personal representative. IND.CODE § 34–1–1–2 (re-codified at IND.CODE § 34–23–1–1); *South v. White River Farm Bureau Co-op.*, 639 N.E.2d 671, 673 (Ind.Ct.App.1994), *trans. denied.* A special administratrix is a type of personal representative who is appointed for a special purpose with limited powers and duties. She is responsible to the estate only for that portion of its affairs entrusted to her but, as to those duties, she is a fiduciary charged with acting in the best interests of the successors to the estate. 31 AM.JUR.2D *Executors and Administrators* § 1165, at 556–57 (1989). A special administratrix may be appointed by the court if:

(a) from any cause delay is necessarily occasioned in granting letters, or

(b) before the expiration of the time allowed by law for issuing letters, any competent person shall file his affidavit with

ed, and this court agreed to expedite the appeal. Thus, we exercise our discretion to review this appeal under Indiana Appellate Rule 4(E). *Cf. In re WTHR–TV*, 693 N.E.2d 1, 5 n. 2 (Ind.1998) (supreme court decided to entertain appeal despite trial court order which did not include findings required for discretionary interlocutory appeal).

2. On November 14, 1997, Judge Horn signed an order which memorialized the appointment of the Honorable P. Thomas Snow as judge *pro tempore* on November 10, 1997.

the clerk that anyone is intermeddling with the estate or that there is no one having authority to take care of the same, or (c) if any person shall have died testate and objections to the probate of his will shall have been filed as provided by law. The appointment of a special administrator may be for a specified time to perform duties respecting specific property, or to perform particular acts as shall be stated in the order of appointment.

\* \* \* \* \* \*

Otherwise, and except as the provisions of this article by terms apply to general personal representatives, and except as ordered by the court, the law and procedure relating to personal representatives in this article shall apply to special administrators. *The order appointing a special administrator shall not be appealable.*

IND.CODE § 29–1–10–15 (emphasis added).

■ This statute has been held to authorize a probate court to appoint a special administrator for the sole purpose of pursuing a wrongful death action. *See, e.g., Matter of Estate of Sandefur,* 685 N.E.2d 719 (Ind.Ct.App.1997); *South,* 639 N.E.2d at 671. The trial court has "complete discretion" in the appointment of special administrators. *Sandefur,* 685 N.E.2d at 723.

## A. Right to Appeal

■ We first consider the question of whether Hope has the right to appeal the trial court's refusal to remove Thedda as special administratrix. In essence, Thedda argues that, because Hope cannot directly appeal Thedda's appointment, Hope should

not be permitted to indirectly appeal that decision. We cannot agree.

This court has previously reviewed a trial court's ruling on a motion to remove a special administrator. *Sandefur,* 685 N.E.2d at 719. In *Sandefur,* we compared Indiana Code § 29–1–10–15, which specifically makes an order appointing a special administrator non-appealable, to the removal provision, Indiana Code § 29–1–10–6,[3] which does not expressly prohibit the appeal of orders removing a personal representative. *Id.* at 722. We then reasoned:

[B]y specifically providing a procedure for the removal of administrators, the legislature limited the discretion of the trial court. By imposing such limitations, it follows that the legislature intended that the trial court's discretion in the removal of personal representative[s] would be reviewable for abuse of that discretion.

*Id.* Thus, we held that the order removing a special administrator may be appealed "by the aggrieved party." *Id.*

Thedda distinguishes *Sandefur* on the ground that the trial court in that case had removed the administrator while, here, the trial court declined to remove the special administratrix and, thus, upheld its original appointment. According to Thedda, only a special administratrix who has been removed is "aggrieved" and has the right to an appeal.

■ Significantly, the *Sandefur* opinion was not limited to those instances where the trial court decides to remove the special administrator. Further, the statute itself provides that, unless rendered inapplicable, the law and procedures which govern personal representatives also govern special adminis-

---

**3.** The statute reads in full:

When the personal representative becomes incapacitated (unless the incapacity is caused only by a physical illness, infirmity, or impairment), disqualified, unsuitable or incapable of discharging the representative's duties, has mismanaged the estate, failed to perform any duty imposed by law or by any lawful order of the court, or has ceased to be domiciled in Indiana, the court may remove the representative as provided:

(a) The court on its own motion may, or on petition of any person interested in the estate shall, order the representative to appear and show cause why the representative should

not be removed. Such order shall set forth in substance the alleged grounds upon which such removal is based, the time and place of the hearing, and may be served upon the personal representative in the same manner as a notice is served under this article.

(b) The court may without motion, petition or application, for any such cause, in cases of emergency, remove such personal representative instantly without notice or citation.

The removal of a personal representative after letters are duly issued does not invalidate official acts performed prior to removal.

IND.CODE § 29–1–10–6.

trators. IND.CODE § 29–1–10–15; *Sandefur,* 685 N.E.2d at 722. A party has the right to appeal an order denying its petition to remove a personal representative. *See, e.g., Hauck v. Second Nat'l Bank of Richmond,* 153 Ind.App. 245, 286 N.E.2d 852 (1972); *von der Lieth v. Young,* 139 Ind.App. 525, 212 N.E.2d 404 (1965).

■ The court that appointed the special administratrix has the statutory power to remove her for cause. DEBRA A. FALENDER, 1 HENRY'S INDIANA PROBATE LAW AND PRACTICE § 1301, at 523 (8th ed.1989) (citing IND.CODE § 29–1–10–6). While the initial appointment of a special administratrix is not subject to appeal, a special administratrix remains under the authority of the probate court. Thus, the court's decision to remove or not to remove a special administratrix is appealable. The statutory provision rendering an order appointing a special administrator nonappealable is a limited exception to the following general rule enacted by the legislature:

> *Any person considering himself aggrieved by any decision of a court having probate jurisdiction in proceedings under this article may prosecute an appeal to the court having jurisdiction of such appeal.* Such appeal shall be taken as appeals are taken in civil causes. Executors, administrators, guardians and fiduciaries may have a stay of proceedings without bond.

IND.CODE § 29–1–1–22 (emphasis added). Hope has the right to appeal the court's denial of her petition to remove Thedda as special administratrix. We now turn to the merits of Hope's appeal.

### B. Authority to Enter Order

■ Hope first contends that the trial judge had no authority to rule on Thedda's petition seeking letters of administration. We must agree.

The record demonstrates that Thedda filed her petition on November 10, 1997, in Wayne

Superior Court No. 2. Judge Horn, who is the regular judge of that court, recused himself [4] and appointed Judge Snow as judge *pro tempore* for a fifteen-minute period for the limited purpose of "signing" the order issuing letters of administration to Thedda. Judge Snow granted Thedda's petition during that time frame.

■ However, the proper procedure to follow after disqualification and recusal is not the appointment of a judge *pro tempore* but the certification for appointment of a special judge as outlined in Indiana Trial Rule 79. The rule provides that a judge "shall disqualify and recuse" himself under certain conditions and, then directs:

> Upon disqualification or recusal under this section, a special judge shall be selected in accordance with Sections (D), (E), and (H) of this rule.[5]

The special judge so appointed serves for the duration of the particular case. *Billingsley v. State,* 638 N.E.2d 1340, 1343 (Ind.Ct.App. 1994). In contrast, a judge *pro tempore* is appointed to act during the absence of the regular judge and exercises all of the regular judge's power during that period. Ind. Trial Rule 63(E); *Fairfield v. Fairfield,* 538 N.E.2d 948, 949 (Ind.1989); *see Floyd v. State,* 650 N.E.2d 28, 34 (Ind.1994) (judge *pro tempore* has continuing authority to rule on certain matters following expiration of his or her appointment). A judge *pro tempore* has only that authority during the period of his appointment as the judge he replaces. T.R. 63(E); *Thacker v. State,* 563 N.E.2d 1307, 1310 (Ind.Ct.App.1990).

During his fifteen-minute appointment, Judge Snow had only that authority that Judge Horn possessed. However, due to his disqualification, Judge Horn had divested himself of his authority over Thedda's petition. *See Thacker,* 563 N.E.2d at 1310. Because Judge Horn had no authority to consider the petition and grant letters of ad-

---

4. Hope asserts that Judge Horn recused himself because he was a former law partner of the attorney Thedda sought to hire to pursue the wrongful death action. Judge Horn's affidavit states that he recused himself because he had previously represented the deceased.

5. Section D allows selection of the judge by agreement of the parties; Section E permits selection by the court; Section H deals with selection under a local rule.

ministration, Judge Snow likewise had no derivative authority to do so. *See id.*

Thedda argues that Hope acquiesced in Judge Snow's authority when she filed her own petition for appointment of special administratrix on November 21, 1997. We disagree. By filing her own petition, Hope acquiesced in Judge Snow's authority over her pleading, not over Thedda's.

In the alternative, Thedda insists that Hope's objection to Judge Snow's authority was untimely. *See Floyd,* 650 N.E.2d at 32–33 (failure to object in original trial to authority of court officer to enter order waives issue for appeal). Again, we disagree. Hope had no notice of Thedda's *ex parte* appointment. *See* IND.CODE § 29–1–10–17 ("In the event that said administrator was appointed for the sole purpose of collecting such damages [for wrongful death] it shall not be necessary to publish any notice of the issuance of letters of administration."). Accordingly, Hope raised the question of Judge Snow's lack of authority at her earliest opportunity, when she petitioned the court to remove Thedda as personal representative.

Thedda also argues that Judge Snow's appointment as judge *pro tempore* is harmless because he could have been appointed as special judge. Pursuant to Rule 79(E), a party in an *ex parte* proceeding may agree to the court's appointment of a special judge. However, that is not what occurred in this case. Judge Snow was not appointed as a special judge nor did he accept such an appointment. *See* Ind. Trial Rule 79(G) (filing of acceptance vests jurisdiction in special judge). Judge Snow had no authority to grant Thedda's letters of administration or to appoint Thedda as special administratrix.

▪▪▪ The removal statute, under which the court reviewed Hope's petition, assumes an authorized appointment. Because Thedda was *never properly appointed,* the order denying Hope's petition was also without legal effect. Hope preserved her challenge to the court's authority. Where, as in this instance,

the court was without authority and the party challenging the court's authority raised a timely objection, our supreme court has determined that the proper procedure to follow is to dismiss the appeal as premature. *Floyd,* 650 N.E.2d at 35. Accordingly, we must dismiss this appeal.

## C. Appointment of Special Administratrix

Our analysis could end here. However, we write in order to provide guidance to the trial court upon remand. At the outset, we reiterate that the trial court is in the best position to determine who should be appointed special administratrix. We cannot say that the court committed error when it appointed Thedda. However, Hope testified regarding ill-will between Thedda and herself. She further testified that Thedda is a stranger to her son. These largely uncontroverted facts are cause for concern.

▪▪▪ We have stated that the trial court may appoint "any competent person" under the circumstances described in the probate code. *Sandefur,* 685 N.E.2d at 723 (quoting IND.CODE § 29–1–10–15(b)); *cf.* IND. CODE § 29–1–7–4 (only "interested person" may petition for appointment of administrator). However, in pursuing a wrongful death action on behalf of a statutory beneficiary, the special administratrix serves as a trustee. *Vollmar by Vollmar v. Rupright,* 517 N.E.2d 1240, 1244 (Ind.Ct.App.1988). For this reason, the trial court has a duty to assure itself that the administratrix will act with the utmost loyalty and impartiality. *See id.; see also* FALENDER, *supra,* § 1207, at 508 (course and strategy of wrongful death litigation must be developed in conformity with interests of beneficiaries).[6] No one can serve as a special administratrix whom the court finds unsuitable. IND.CODE § 29–1–10–1(b)(5). A person may be deemed unsuitable by reason of an interest in pending litigation, or bias or prejudice, that is, circumstances where the appointment would be adverse to the interest

---

**6.** In addition, the trial court should satisfy itself that the proposed contingent fee contract is both necessary and fair. *Vollmar,* 517 N.E.2d at 1244. The court "should carefully consider all the circumstances which are known or reason-ably ascertainable at the time." *Id.* at 1245. The administratrix's activities and those of her attorney must be "totally circumspect." *Id.* at 1244.

of the estate to be served by the appointment. FALENDER, *supra*, § 804, at 340–41.

 Here, Hope complains that Thedda was appointed simply because she won the "race to the courthouse." At oral argument, Thedda's counsel explained that he sought to open the estate immediately so that testimony and physical evidence could be gathered and preserved. In her petition to open the estate, Thedda was not required to name the persons most closely related by blood or marriage to the sole statutory beneficiary. *Cf.* IND.CODE § 29–3–5–1 (petition for appointment of guardian). Nevertheless, it was incumbent upon Thedda or her attorney to inform the court that the beneficiary, then only five-years old, was in the custody of his natural mother. If liability for wrongful death is established, Hope's cooperation in determining damages will be needed. Under these circumstances, the nature of Thedda's relationships with Hope and Brandon is probative of Thedda's suitability to serve as special administratrix.

We note that Brandon would have legal recourse if an appointed administratrix were to breach her fiduciary duties. We are also cognizant of the resources that would be consumed in pursuing such an action after the fact. As this court has recognized long ago:

> [I]t is the duty of judges exercising probate jurisdiction to evince vigorous and aggressive honesty in dealing with guardians, administrators, and other trustees, to the end that the trusts reposed in them shall be executed with scrupulous integrity and that complete confidence may prevail. If that duty is faithfully discharged, no one interested in this estate will ultimately have any reason to complain of the appointment made.

*Haughey v. Haughey,* 73 Ind.App. 318, 320, 127 N.E. 454, 455 (1920).

## CONCLUSION

The trial court lacked authority to enter an order appointing Thedda as special administratrix. Thus, both the order appointing Thedda and the order denying Hope's petition to remove Thedda are without legal effect. We dismiss this appeal as premature, and we remand this case for selection of a special judge in conformity with Trial Rule 79 and for *de novo* consideration of the pending petitions for appointment of a special administratrix.

Dismissed and Remanded.

BAKER and BAILEY; JJ., concur.