In re the Matter of the **ESTATE OF Gary HAMMAR, Deceased.**

**Margaret Lewis, Appellant,**

v.

**Janet Kaye Hammar, Appellee.**

No. 56A03–0504–CV–177.

Court of Appeals of Indiana.

Aug. 17, 2005.

---

Kenneth J. Allen, Bryan L. Bradley, Michael T. Terwilliger, Kenneth J. Allen & Associates, P.C., Valparaiso, for Appellant.

F. Joseph Jaskowiak, Kevin G. Kerr, Hoeppner Wagner & Evans LLP, Valparaiso, for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Margaret Lewis (Margaret), appeals the trial court's Order removing her as special administratrix of the Estate of Gary Hammar and appointing Appellee–Plaintiff, Janet Kaye Hammar (Janet), as special administratrix to pursue an action for wrongful death.[1]

We reverse.

### ISSUE

Margaret raises one issue on appeal, which we restate as follows: whether the trial court abused its discretion when it replaced Margaret as special administratrix of the estate in favor of Janet.

### FACTS AND PROCEDURAL HISTORY

On April 7, 2005, Gary Hammar (Gary) died intestate when the vehicle he was driving on Interstate 70, in Madison County, Ohio, was struck head-on by a tractor-trailer operated by Howard Tyron and A & R Transport, Inc. Gary's spouse, Janet, who was a passenger in the car, was injured and hospitalized in Ohio. At the time of his death, Gary also left behind four children. Margaret is the biological mother of the four children and Gary's former spouse.

On April 11, 2005, Margaret filed her Verified Petition to Appoint a Personal Representative for the Sole Purpose of Collecting Damages for Personal Injuries and Wrongful Death. No estate had yet been opened at the time she filed her petition. That same day, the trial court issued its Order, appointing Margaret as personal administratrix of Gary's estate for the sole purpose of collecting damages for personal injury and wrongful death. Gary's visitation and funeral, arranged by Janet, took place on April 12 and 13, 2005 respectively.

On April 12, 2005, Janet filed her Petition for Issuance of Letters of Administration and for Authorization to Pursue Wrongful Death Claims on Behalf of Estate under a separate cause number. Upon being advised that Margaret had

---

**1.** We hereby deny Janet's request for oral argument.

obtained permission to serve as administratrix for the wrongful death claim, Janet immediately objected and moved to stay the proceedings. Recognizing that Margaret's appointment was being contested, the trial court entered a stay the same day and set the matter for a hearing on April 26, 2005.

However, on April 14, 2005, Margaret filed an emergency petition to partially lift the stay in order to prevent irreparable prejudice to the estate and to seek the preservation of evidence in the wrongful death case. In response to the emergency petition, the trial court conducted a hearing that same day. Prior to the hearing, Margaret filed a response opposing her removal as administratrix of the estate or, alternatively, Margaret proposed the Horizon Trust & Investment Management, N.A. as successor personal representative. After hearing arguments, the trial court removed Margaret and instead appointed Janet as personal administratrix for the purpose of pursuing a wrongful death claim. In its Order, the trial court found as follows:

> . . .
>
> The [c]ourt now having heard arguments of counsel and having been duly advised the appointment of co-representatives by the [c]ourt is unacceptable[,] the [c]ourt now finds:
>
> 1. [Margaret] filed her Petition with the [c]ourt four (4) days after the decedent's death and did not afford the decedent's widow an opportunity to respond.
> 2. The [c]ourt finds it erred when it appointed [Margaret] as Personal Representative of the Estate in that [Janet] as widow of the decedent is closer in proximity to the decedent and the Estate.
> 3. That it is in the best interest of the Estate that [Janet] serve as Personal Representative of the Estate.

> 4. The stay entered by the [c]ourt should be lifted in order that all evidence may be preserved for purpose of pursuing a wrongful death claim on behalf of the Estate.
>
> . . .

(Appellant's App. pp. 5–6).

Margaret appealed that same day. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

██ Margaret now contends that the trial court erred when it revoked her appointment as administratrix of Gary's estate. In sum, she claims that the trial court erroneously removed her as special administratrix without finding that the statutory requirements for removal were present.

██ It is well established that a court with probate jurisdiction has broad discretion in the removal of administrators and we will review only for an abuse of that discretion. *Estate of Sandefur*, 685 N.E.2d 719, 722 (Ind.Ct.App.1997). We note at the outset that there appears to be some confusion concerning the distinction between personal administrators and special administrators: both the trial court and the parties seem to use the terms interchangeably. However, the probate code contains a separate and distinct provision which governs the appointment of special administrators. Specifically, Indiana's wrongful death statute grants the right to maintain a wrongful death action only to the decedent's personal representative. Ind.Code § 34–1–1–2; *In re Estate of Hutman*, 705 N.E.2d 1060, 1063 (Ind.Ct.App.1999). In this regard,

> [a] special administratrix is a type of personal representative who is appointed for a special purpose with limited powers and duties. She is responsible to the estate only for that portion of its

affairs entrusted to her but, as to those duties, she is a fiduciary charged with acting in the best interests of the successors to the estate.

*Hutman,* 705 N.E.2d at 1063 (citing *Pope by Smith v. Pope,* 701 N.E.2d 587, 589 (Ind.Ct.App.1998)). Under the statute, a special administrator may be appointed by the probate court if:

(a) from any cause delay is necessarily occasioned in granting letters, or

(b) before the expiration of the time allowed by law for issuing letters, any competent person shall file his affidavit with the clerk that anyone is intermeddling with the estate or that there is no one having authority to take care of the same, or

(c) if any person shall have died testate and objections to the probate of his will shall have been filed as provided by law. The appointment of a special administrator may be for a specified time to perform duties respecting specific property, or to perform particular acts as shall be stated in the order of appointment.

. . .

Otherwise, and except as the provisions of this article by terms apply to general personal representatives, and except as ordered by the court, the law and procedure relating to personal representatives in this article shall apply to special administrators. The order appointing a special administrator shall not be appealable.

I.C. § 29–1–10–15.

In the present case, four days after Gary's death, Margaret filed her Verified Petition to Appoint Personal Representative for the Sole Purpose of Collecting Damages for Personal Injuries and Wrongful Death. In this Petition, she clearly stipulated that her appointment would be for the specific "sole purpose[ ] of collecting damages for the personal injury and wrongful death committed upon [Gary] ..." (Appellant's App. p. 9). As such, we conclude that Margaret is a special administratrix, appointed for a single purpose, and consequently, our resolution of this appeal will require us to review the trial court's contested removal of Margaret in light of the particular provisions governing special administrators.

■ While the statute provides that the initial appointment of a special administrator is not subject to appeal, a special administrator remains under the authority of the probate court. Thus, the trial court's decision to remove or not to remove a special administrator is appealable. *Pope,* 701 N.E.2d at 591. The probate code provides a specific procedure for the removal of special administrators. Pursuant to I.C. § 29–1–10–6, a special administrator may be removed

when the personal representative becomes incapacitated (unless the incapacity is caused only by a physical illness, infirmity, or impairment), disqualified, unsuitable or incapable of discharging the representative's duties, has mismanaged the estate, failed to perform any duty imposed by law or by any lawful order of the court, or has ceased to be domiciled in Indiana, the court may remove the representative as provided [in this section].

Accordingly, once the trial court has made an appointment of a special administrator, it may not remove the administrator without a finding that the special administrator meets one of the statutory criteria for removal. *See id.*

■ In the instant case, the trial court ordered Margaret removed as special administratrix because (1) she did not afford Janet an opportunity to respond to her Verified Petition; (2) Janet is in closer proximity to Gary and the estate; and (3) it is in the best interest of the estate to

have Janet serve as special administratrix. We find that none of these reasons address the statutory requirements for removal and therefore do not properly establish Margaret's disqualification from serving as a special administratrix. However, it is clear that the trial court, in its Order, used the priorities set out in the personal administrator statute to justify Margaret's removal. Particularly, I.C. § 29–1–10–1, governing the appointment of personal administrators, provides in part:

(a) Domiciliary letters testamentary or domiciliary letters of general administration may be granted to one (1) or more of the persons mentioned in this subsection, natural or corporate, who are disqualified, in the following order:

(1) To the executor or executors designated in a will that has been admitted to probate.

(2) To a surviving spouse who is a devisee in a will that has been admitted to probate.

(3) To a devisee in a will that has been admitted to probate

(4) To the surviving spouse, or to the person or persons nominated by the surviving spouse or to the surviving spouse and the person or persons nominated by the surviving spouse.

(5) To:

(A) an heir;

(B) the person or persons nominated by an heir; or

(C) an heir and the person or persons nominated by an heir.

(6) If there is not a person listed in subdivisions (1) through (5), then to any other qualified person.

Nevertheless, as we stated above, a specific procedure is provided in the probate code to remove special administrators and thus, they do not follow the statutory requirements of a personal administrator. Accordingly, a trial court cannot justify its removal of a special administrator by merely focusing on the general requirements for a personal administrator.

■ We are unpersuaded by Janet's assertion that because she is the decedent's former spouse, competent, willing, and able to pursue a wrongful death action on behalf of her husband and step-children she should be appointed the special administratrix. While there is no evidence in the record that Janet could not satisfactorily perform the task of special administratrix, there is likewise no evidence that Margaret will not adequately perform that task. The difference is that Margaret filed her petition first and was deemed qualified by the trial court in its Order of appointment. Absent a statutory cause for her removal, we conclude that Margaret remains the special administratrix.

■ While we share Janet's concern that the statute governing the appointment and removal of a special administratrix encourages the proverbial race to the courthouse, we previously stated in *Hutman* that "the determination of who becomes a special administrator does not rest solely upon who wins the race to the courthouse." *Hutman,* 705 N.E.2d at 1065. Rather, we determined that the person chosen must also be qualified under the statute. *Id.* In addition, we stated that the trial court must have confidence that the person will demonstrate the utmost loyalty, impartiality, and integrity, and that the person does not have an interest in pending litigation, or bias or prejudice, such that the appointment would be adverse to the interest of those to be served by the appointment. *Id.* Therefore, we concluded that although a trial court has virtually complete discretion in the appointment of special administrators, that discretion does have some guidelines which should prevent the appointment of com-

plete strangers as special administrators. *Id.*[2]

Here, Margaret specified in her petition that Gary left surviving as his dependent next of kin his spouse, Janet, and his four children. She disclosed that she is the biological mother and guardian of Gary's children. Margaret also verified that, on the date of filing, no estate had yet been opened. Furthermore, any damages awarded for Gary's death would be distributed between Janet and Gary's children. *See* I.C. § 29–1–2–1. Margaret is not entitled to any share of a potential wrongful death award. We note that the trial court, by appointing Margaret as special administratrix, must have found her trustworthy and unbiased. The record establishes that after her appointment, Margaret took steps to preserve critical evidence necessary in the wrongful death action and accordingly, served to the benefit of all beneficiaries without any bias or prejudice.

■ Moreover, in pursuing a wrongful death action on behalf of a statutory beneficiary, the special administrator serves as a trustee. *Pope,* 701 N.E.2d at 592. For this reason the trial court has to assure itself that the administrator will act with the utmost loyalty and impartiality. *See id.* Here, the record is devoid of any evidence that Margaret will not perform her duties with integrity. Furthermore, because Margaret is under a fiduciary duty as a special administratrix, Janet would have a legal recourse if Margaret breaches her fiduciary duties.

■ Lastly, Janet argues that Margaret invited the trial court's error she now complains of by offering the trial court the option of replacing her as a special administratrix and instead appointing the Horizon Trust & Investment Management, N.A. We find this argument to be unavailing. The record shows that Margaret first contended to the trial court that Janet had failed to establish a statutory cause for her removal as required under I.C. § 29–1–10–6. In the alternative, Margaret stated that if the trial court disagreed and felt that a showing had been made, Margaret invited the trial court to appoint a neutral third party as special administrator to pursue the wrongful death claim. However, the trial court did not act on Margaret's suggestion. Accordingly, we do not find that Margaret invited the trial court's error.

Based on the evidence above and mindful of our deferential standard of review, we find that the trial court's basis for disqualifying Margaret was erroneous. The record lacks any indication that Margaret is incapacitated, unsuitable or incapable of discharging her duties, has mismanaged the estate, or failed to perform any duty imposed by law or by any lawful order of the court. *See* I.C. § 29–1–10–6. Therefore, we find that no proper ground for the trial court's revocation of Margaret's appointment as special administratrix existed. Consequently, we reverse the trial court's removal of Margaret and reverse the trial court's subsequent appointment of Janet as special administratrix.

2. We concur with Judge Robb's concurrence in *Hutman,* stating that:

> The legislative provisions governing this situation allow a race to the courthouse. A better procedure would be to hold a hearing after a personal representative is appointed to determine if removal of the special administrator is appropriate. The trial court could then review the duties and qualifications of each and the propriety of the respective appointments. Absent an explicit direction from the legislature, however, the court was under no obligation to do so.

*Hutman,* 705 N.E.2d at 1065. We hereby strongly encourage the legislature to consider Judge Robb's suggestion for a hearing and removal of the initially appointed special administrator if warranted by the circumstances.

## CONCLUSION

Based on the foregoing, we find that the trial court erroneously removed Margaret as special administratrix.

Reversed.

SULLIVAN, J., and NAJAM, J., concur.