## FOR PUBLICATION



**FILED**
Jul 30 2013, 7:34 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**STEPHEN L. WILLIAMS**
Williams Law Firm
Terre Haute, Indiana

**G. STEPHEN FLESCHNER**
Fleschner Law Firm
Terre Haute, Indiana

ATTORNEY FOR APPELLEE:

**MARK D. HASSLER**
Hunt, Hassler & Lorenz LLP
Terre Haute, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DARLA M. BRENTON, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF EVELYN NORFLEET, DECEASED, | ) ) ) ) | |
| Appellant, | ) ) | |
| vs. | ) ) | No. 77A01-1302-ES-86 |
| LESLIE D. LUTZ, | ) ) | |
| Appellee. | ) | |

APPEAL FROM THE SULLIVAN CIRCUIT COURT
The Honorable P.J. Pierson, Judge
The Honorable Ann Smith Mischler, Magistrate
Cause No. 77C01-1210-ES-35

**July 30, 2013**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Darla Brenton appeals the trial court's order removing her as Special Administrator of the Estate of Evelyn Norfleet ("the Estate"). Brenton presents a single dispositive issue for our review, namely, whether the trial court abused its discretion when it removed her as Special Administrator of the Estate.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

On October 16, 2012, Norfleet, who was seventy-one years old, was struck and killed by a motor vehicle operated by Robert Foutch. Six days later, on October 22, Norfleet's daughter, Brenton, filed a Petition to Appoint Administrator for the Sole Purpose of Collecting Damages for Wrongful Death. The trial court granted that petition the same day, and Brenton executed her Oath of Acceptance. Brenton did not inform the court that Norfleet had died testate. In her will, executed on November 17, 2010, Norfleet: nominated and appointed her son Leslie Lutz ("Lutz") as Executor of her will; "empower[ed]" Lutz to settle, compromise, or pay "any claims" asserted in favor of Norfleet or her estate; designated a sole heir of her residual estate, namely, Chelcie Lutz ("Chelcie"), Lutz's daughter; and declared that she made "no bequest to [her] four surviving children[, Lutz, Brenton, Russell Lutz ("Russell"), and James Lutz ("James"),] not out of any lack of love or affection, but for reasons only known to me." Appellant's App. at 17-18.

On November 28, Lutz filed his Petition for Removal of Personal Representative and Her Attorney and for Appointment of Successor Personal Representative. In that

petition, Lutz informed the court that Norfleet had died testate, and he attached as an exhibit to the petition a copy of Norfleet's will. Brenton filed a response to Lutz's petition and, following a hearing, the trial court granted Lutz's petition and removed Brenton as Special Administrator. In its order, the trial court found in relevant part that Norfleet's will named Lutz as Executor and expressly gave him the power to settle "any claims" asserted in favor of Norfleet or her estate. The trial court further found and ordered:

8. That the parties herein never disputed that the Last Will and Testament of Evelyn Jean Norfleet was validly executed.

9. That on October 22, 2012, Darla M. Brenton, As Personal Representative of the Estate of Evelyn Norfleet, filed a civil lawsuit entitled "Darla M. Brenton, as Personal Representative of the Estate of Norfleet v. Robert J. Foutch" under Cause No. 77C01-1210-CT-00645 and that the law firm of Fleschner, Stark, Tanoos and Newlin paid the sum of $139.00 to file the civil lawsuit.

The Court, after hearing arguments and having reviewed the above-referenced evidence, now GRANTS the Petition for Removal.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court as follows:

1. That Evelyn Jean Norfleet died testate.

2. That the Last Will and Testament of Evelyn Jean Norfleet was properly executed and is therefore admitted to probate.

3. That Item 5 of the Last Will and Testament of Evelyn Jean Norfleet states who the Personal Representative will be and that they [sic] have the power to settle, compromise or pay any claims, including taxes, asserted in favor of [Norfleet] or against [Norfleet] or [her] estate.

4. That Darla M. Brenton is removed as Special Administrator and that G. Steven Fleschner, the law firm of Fleschner, Stark, Tanoos & Newlin and Stephen L. Williams, and the Williams Law Firm are all hereby removed as attorneys for the Estate of Evelyn Jean Norfleet.

3

5. That Mark D. Hassler is authorized to file his Appearance in Cause No. 77C01-1201-CT-000645.

6. That the law firm of Fleschner, Stark, Tanoos and Newlin are entitled to be reimbursed for the filing fee in [the wrongful death action]. . . .

7. That the Estate of Evelyn Jean Norfleet shall be administered as a supervised estate.

8. That upon Leslie D. Lutz taking an oath the Clerk of this Court is directed to issue Letters Testamentary to Leslie D. Lutz, as Successor Personal Representative.

Id. at 6-7. This appeal ensued.

## DISCUSSION AND DECISION

Brenton contends that the trial court abused its discretion when it removed her as Special Administrator of Norfleet's estate for the purpose of bringing the wrongful death action. In particular, Brenton maintains that the trial court did not comply with Indiana Code Section 29-1-10-6, which governs the removal of personal representatives. But Lutz contends that Brenton was not qualified to serve as Special Administrator in the first instance and the trial court properly exercised its discretion when it removed Brenton. We agree with Lutz.

Indiana Code Section 29-1-10-15 provides in relevant part:

A special administrator may be appointed by the court if:

(a) from any cause delay is necessarily occasioned in granting letters, or

(b) before the expiration of the time allowed by law for issuing letters, any competent person shall file his affidavit with the clerk that anyone is intermeddling with the estate or that there is no one having authority to take care of the same, or

4

(c) if any person shall have died testate and objections to the probate of his will shall have been filed as provided by law.

The appointment of a special administrator may be for a specified time to perform duties respecting specific property, or to perform particular acts as shall be stated in the order of appointment. The fact that a person has been designated as executor in a decedent's will shall not disqualify him from being appointed special administrator of such decedent's estate or any portion thereof.

In her Petition to Appoint Administrator for Sole Purpose of Collecting Damages for Wrongful Death, Brenton did not cite to Indiana Code Section 29-1-10-15, nor did she allege facts that would qualify her to serve as special administrator under any of the subsections of the statute.

At the hearing on his Petition for Removal of Brenton as Special Administrator, Lutz argued that Brenton had not shown that appointment of a special administrator was appropriate under the statute. In response, Brenton argued that, because the damages in a wrongful death action inure to the benefit of the four children, they should get to decide who serves as personal representative for the wrongful death estate. And Brenton presented evidence that three of the four children had chosen Brenton to serve in that capacity. Brenton also asserted that nothing in Norfleet's will dictates who should serve as personal representative for purposes of bringing a wrongful death action.

But Brenton's primary argument to the trial court was that the court had no basis to remove her as special administrator under Indiana Code Section 29-1-10-6, which provides in relevant part:

(b) When the personal representative becomes incapacitated (unless the incapacity is caused only by a physical illness, infirmity, or impairment), disqualified, unsuitable or incapable of discharging the representative's duties, has mismanaged the estate, failed to perform any duty imposed by

5

law or by any lawful order of the court, or has ceased to be domiciled in Indiana, the court may remove the representative in accordance with either of the following:

> (1) The court on its own motion may, or on petition of any person interested in the estate shall, order the representative to appear and show cause why the representative should not be removed. The order shall set forth in substance the alleged grounds upon which such removal is based, the time and place of the hearing, and may be served upon the personal representative in the same manner as a notice is served under this article.
>
> (2) The court may without motion, petition or application, for any such cause, in cases of emergency, remove such personal representative instantly without notice or citation.

And, on appeal, Brenton maintains that, because the trial court does not reference Indiana Code Section 29-1-10-6 in its order removing her as special administrator, the court's order is invalid. In support of that contention, Brenton cites In re Estate of Sandefur, 685 N.E.2d 719 (Ind. Ct. App. 1997), where this court held that the trial court had erroneously removed the appellant as special administrator for the purpose of bringing a wrongful death action. In Sandefur, we stated that, "[o]nce a valid appointment of a special administrator has been made, removal of that administrator must follow the statutory provisions for removal." Id. at 724. We observed that the trial court's appointment of the special administrator was proper under Indiana Code Section 29-1-10-15. Id. at 723. But we held that there was "no proper basis" for her removal under Indiana Code Section 29-1-10-6 and reversed on that ground. Id. at 724.

We find this case distinguishable from Sandefur for two reasons. First, here, Norfleet died testate, unlike the decedent in Sandefur. Second, and moreover, the trial court's appointment of Brenton as special administrator has not been shown to have been

6

proper under Indiana Code Section 29-1-10-15. Without a <u>valid</u> appointment of a special administrator, there is no reason to seek removal under Indiana Code Section 29-1-10-6.

Lutz's petition to remove Brenton was tantamount to a motion to reconsider under Indiana Trial Rule 53.4, which authorizes a court to reconsider its previous rulings. In construing Rule 53.4, this court has held that "a trial court has the inherent power to reconsider any of its previous rulings so long as the action remains <u>in fieri</u>." <u>Stephens v. Irvin</u>, 734 N.E.2d 1133, 1135 (Ind. Ct. App. 2000), <u>trans. denied</u>. An action is "<u>in fieri</u>" if it is "pending resolution" and remains on the court's docket. <u>See</u> <u>Pond v. Pond</u>, 700 N.E.2d 1130, 1135 (Ind. 1998).

Here, the trial court had the inherent power to reconsider its appointment of Brenton as special administrator. Indeed, a trial court has "complete discretion" in the appointment of special administrators. <u>In re Estate of Hutman</u>, 705 N.E.2d 1060, 1063 (Ind. Ct. App. 1999) (quoting <u>Sandefur</u>, 685 N.E.2d at 723). The trial court's findings show that it considered the fact that Norfleet died testate to be important, and Brenton had failed to provide that information to the trial court in her petition. The trial court clearly found relevant the fact that Norfleet had named Lutz as executor and gave him the power to settle or compromise "all claims" asserted in favor of her or her estate. Appellant's App. 6. Further, the trial court found, with reference to Indiana Code Section 29-1-10-15(c) by implication, that "the parties herein never disputed that the Last Will and Testament of Evelyn Jean Norfleet was validly executed." <u>Id.</u> Thus, the trial court concluded that Brenton should be removed as special administrator. We hold that the trial court did not abuse its broad discretion when it so ruled.

7

Further, we address Brenton's contention that, "[u]nder the Wrongful Death Act, the Wrongful Death beneficiaries, not the decedent, determine the Personal Representative of the Wrongful Death Estate." Brief of Appellant at 22. In support of that contention, Brenton cites Indiana Code Section 34-23-1-2(d), which provides: "Damages awarded under subsection (c)(3)(A) for medical, hospital, funeral, and burial expenses inure to the exclusive benefit of the adult person's estate for the payment of the expenses. The remainder of the damages inure to the exclusive benefit of a nondependent parent or nondependent child of the adult person." Brenton maintains that, because she and her siblings are the beneficiaries of the remainder of the damages, it follows that they "may nominate and select the Personal Representative of the Wrongful Death Estate." Brief of Appellant at 22. We do not agree with Brenton's reasoning on this point, and we reject her contention. Again, it is well settled that the trial court has broad discretion in choosing a special administrator for the purpose of bringing a claim under the Wrongful Death Act, and the special administrator must be appointed pursuant to Indiana Code Section 29-1-10-15.

Finally, Brenton contends that "Lutz is not the preferred personal representative of the wrongful death estate solely because he was named as Executor in the Last Will and Testament."[1] Brief of Appellant at 31 (emphasis added). Brenton is correct that Indiana Code Section 29-1-10-1(a)(1), which governs the preference of persons entitled to domiciliary letters testamentary, "by its clear language . . . applies to the appointment of

---

[1] To be clear, the trial court was not required to appoint Lutz as special administrator for purposes of bringing the wrongful death claim merely because Norfleet had named him executor of her will, but the court was entitled to know that a will existed and to consider the terms of that will in exercising its discretion on this issue.

general administrators and, therefore, not to the appointment of special administrators." See Sandefur, 685 N.E.2d at 723. But while Lutz erroneously based his initial petition for Brenton's removal on that statute, his primary argument in his reply brief, filed after the hearing, focused on Brenton's failure to comply with Indiana Code Section 29-1-10-15 when she first sought appointment as special administrator. And the trial court makes no mention of Indiana Code Section 29-1-10-1 in its order removing Brenton as special administrator. Because we hold that Brenton was not qualified to serve as special administrator under Indiana Code Section 29-1-10-15, Brenton has not shown any error to the extent the trial court may have considered Indiana Code Section 29-1-10-1 in ruling on Lutz's petition.

Affirmed.

BAILEY, J., and BARNES, J., concur.